IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VELEZ LAW GROUP LLC; JOSE C. VELEZ COLON; E.M.G.<br><br>Plaintiffs<br><br>v.<br><br>SUNSET SURGERY AND WOUND CARE LLC; JMG SURGICAL SERVICES, P.S.C.; JAVIER MÁRQUEZ GRACIANI; MARIAN BÁEZ RODRÍGUEZ<br><br>Defendants | CIVIL NO.<br>3:25-cv-01256-PAD |

**MOTION TO SEAL RESPONSE TO ORDER TO SHOW CAUSE**

1. Plaintiff E.M.G. respectfully moves this Court for an Order sealing his Response to Order to Show Cause (the "Response") filed simultaneously herewith as a separate docket entry under seal, with access restricted to the Court and E.M.G.'s counsel of record only (Ex-Parte). The Response has been filed under seal to protect sensitive attorney-client communications and strategic considerations that E.M.G. was compelled to disclose in order to comply with this Court's June 4, 2025 Order.

2. On June 4, 2025, this Court entered an Order to Show Cause requiring E.M.G. to address potential disqualification of his chosen counsel. In responding to this Order, E.M.G. has been compelled to disclose attorney-client communications and strategic litigation considerations that would ordinarily remain privileged and confidential.

1

3. To comply with the Court's Order while protecting these sensitive communications, E.M.G. has filed his Response under seal as a separate docket entry. This Motion seeks the Court's authorization for that sealing and appropriate restrictions on access to the Response.

4. The Response necessarily reveals privileged communications and strategic considerations. To comply with the Court's Order to Show Cause regarding potential disqualification, E.M.G. was required to address the nature of his attorney-client relationship, strategic considerations underlying representation arrangements, and confidential discussions that would ordinarily remain protected by privilege.

5. Such disclosures were made solely to assist the Court in evaluating the appropriateness of continued representation and would not otherwise be subject to discovery or disclosure under normal circumstances.

6. Public disclosure would provide defendants with access to privileged information at no procedural cost. The Response addresses representation arrangements and strategic considerations that opposing parties would not normally be entitled to discover through regular procedural mechanisms. Defendants could exploit such information to:
    a. Gain unfair tactical advantages in ongoing litigation
    b. Weaponize confidential communications in discovery or motion practice
    c. Undermine the effectiveness of client protection measures
    d. Use strategic disclosures to support attacks on counsel's professional conduct

7. The Response could be used by defendants for multiple prejudicial purposes, including:
    a. Discovery abuse: Using privileged disclosures as basis for otherwise improper discovery request

    b. Motion practice: Incorporating confidential communications into substantive arguments

    c. Settlement manipulation: Exploiting disclosed information in negotiations

    d. Continued intimidation: Using confidential information to further documented campaigns against disability rights attorneys

8. This risk is particularly acute given defendants' demonstrated pattern of using public platforms to attack E.M.G. and his counsel for asserting disability rights, as documented in the operative pleadings.

9. Sealing serves judicial economy by encouraging candid responses to judicial inquiries. If parties know that court-ordered disclosures of privileged information will become public and available to adversaries, they will be incentivized to provide less complete and less helpful responses to judicial orders, undermining the Court's ability to make informed decisions.

10. E.M.G. is a quadriplegic individual with no earning capacity who depends entirely on the zealous advocacy of counsel willing to represent him on a contingency basis. Public disclosure of strategic information would:

    a. Undermine the effectiveness of his chosen representation

    b. Discourage future attorneys from representing disabled clients if privileged communications become public

    c. Provide defendants with tools to further their documented campaign of intimidation

    d. Exacerbate the chilling effect on disability rights enforcement that this case seeks to remedy

11. The requested sealing is narrowly tailored to protect only those communications and considerations that would otherwise remain privileged. The sealing does not:

    a. Prevent public access to substantive legal proceedings

    b. Hide defendants' alleged misconduct from public view

    c. Interfere with defendants' ability to respond to substantive claims

    d. Limit media coverage of the underlying civil rights issues

12. Access is restricted only to the Court and E.M.G. 's counsel of record, ensuring that defendants' attorneys can review the Response for legitimate representation purposes while preventing broader tactical abuse.

13. Only complete sealing with ex parte restrictions adequately protects the attorney-client privilege and work product doctrine while enabling the Court to make an informed determination on the disqualification issue.

For the foregoing reasons, compelling circumstances justify sealing E.M.G.'s Response to Order to Show Cause with access restricted to the Court and E.M.G.'s counsel of record only. The sealing is narrowly tailored to protect legitimate attorney-client communications and strategic considerations while preserving the Court's ability to make an informed determination on representation issues.

**WHEREFORE**, Plaintiff E.M.G. respectfully requests that this Honorable Court:

1. GRANT this Motion to Seal;

2. ORDER that E.M.G.'s Response to Order to Show Cause, filed under seal as a separate docket entry, remain sealed with access restricted to the Court and E.M.G.'s counsel of

record only (Ex-Parte).

**RESPECTFULLY SUBMITTED.**

Dated: June 17, 2025

                                                                            VELEZ LAW GROUP LLC
                                                                            Civil Rights Division

                                                                            s/José Carlos Vélez Colón
                                                                            José Carlos Vélez Colón
                                                                            USDC-PR 231014

                                                                            4204 Six Forks Rd, Apt 1209
                                                                            Raleigh, NC 27609-6427
                                                                            E:       vlg@velezlawgroup.com
                                                                            T:       (787)-422-1881

                                                                            COUNSEL FOR E.M.G.