IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VELEZ LAW GROUP LLC; <u>ET AL</u>.,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**SUNSET SURGERY AND WOUND CARE LLC; <u>ET AL</u>.,**<br><br>    **Defendants.** | **CIVIL NO. 25-1256 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge

The case involves claims by and against various parties under federal and Puerto Rico law (Docket No. 5). However, for the reasons explained below, Attorney José Carlos Vélez-Colón ("Vélez-Colón") and Vélez Law Group LLC ("Vélez Law Group") shall inform the court by July 15, 2025, whether they will withdraw their claims against Sunset Surgery and Wound Care LLC ("Wound Care"), Surgical Services, P.S.C. ("Surgical Services"), Javier Márquez-Graciani ("Márquez"), and Marian Báez-Rodríguez ("Báez") without prejudice, and by the same date, correspondingly file an amended complaint deleting those claims.

**I.    BACKGROUND**

On May 7, 2025, E.M.G., Vélez-Colón, and Vélez Law Group initiated the action against the Municipality of Mayaguez, Wound Care and Márquez complaining of: (1) discrimination towards E.M.G. under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131, <u>et seq</u>. ("ADA"); (2) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, as to him; (3) retaliation by Wound Care and Márquez against E.M.G., Vélez Colón and Vélez Law Group in connection with the ADA; and (4) defamation regarding Vélez-Colón and Vélez Law Group by

Velez Law Group LLC; et al. v. Sunset Surgery and Wound Care LLC; et al.
Civil No. 25-1256 (PAD)
Memorandum and Order
Page 2

Wound Care and Márquez (Docket No. 1). On June 4, 2025, the court ordered E.M.G. to show cause by June 18, 2025, as to why the Municipality of Mayaguez should not be dropped and severed from this case without prejudice, and Vélez-Colón and Vélez Law Group not disqualified as record counsel in the case against Wound Care and Márquez (Docket No. 4).

On June 17, 2025, E.M.G., Vélez-Colón, and Vélez Law Group filed an Amended Complaint against Wound Care, Surgical Services, Márquez, and Báez complaining of: (1) discrimination towards E.M.G. under the ADA; (2) Section 504 violation as to him; (3) retaliation in light of the ADA with reference to E.M.G., Vélez-Colón and Vélez Law Group; and (4) defamation respecting Velez-Colón and Vélez Law Group (Docket No. 5). As well, E.M.G. responded to the Order to Show Cause (Docket No. 6), and submitted an "Unsworn Declaration under Penalty of Perjury Pursuant to 28 U.S.C. Sec. 1746 (1)" (Docket No. 6-1).

## II.     ANALYSIS

E.M.G. asserts that the issue involving the Municipality of Mayaguez is moot, given that the First Amended Complaint does not include the Municipality as a defendant (Docket No. 6, p. 2). The court agrees. Concerning the potential disqualification of record counsel, E.M.G. argues that the issue is moot because the First Amended Complaint now includes additional defendants and substantially modified claims that alter the legal landscape. Id. at p. 3. Not so. By his account, the defendants have conspired to retaliate against E.M.G. and his legal representatives for engaging in ADA-protected enforcement activities that have created a unity of interests supporting joint representation of their claims. Id. And, attorneys cannot ethically represent clients when they would be testifying as witnesses on their own behalf in the same case.

To this end, Local Civil Rule 83E provides that "each attorney admitted or permitted to practice before this court shall comply with the standards of professional conduct required by the

Case 3:25-cv-01256-PAD   Document 10   Filed 07/02/25   Page 3 of 4

Velez Law Group LLC; et al. v. Sunset Surgery and Wound Care LLC; et al.
Civil No. 25-1256 (PAD)
Memorandum and Order
Page 3

Model Rules of Professional Conduct . . . adopted by the American Bar Association." In turn, Model Rule of Professional Conduct 3.7 states in part that "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client. A lawyer is deemed a necessary witness "when the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere." Deetz Fam., LLC v. Rust-Oleum Corp., 2018 WL 5555070, *1 (D. Mass. Oct. 29, 2018)).

A thorough purview of the pleadings persuades the court that the attorneys here cannot wear the two hats at the same time. In particular, they cannot be a party against defendants while acting as litigation counsel for another plaintiff in the same case, a case involving closely related claims of retaliation and defamation, when they are likely to be called as a witness during trial. E.M.G. points out that while he strongly prefers to maintain his current legal representations, he is willing to accept alternate arrangements if the court finds them necessary –the court does– including that the attorneys withdraw their personal claims while continuing to represent him (Docket No. 6-1, p. 9). The court will go along with this suggestion, which at the end of the day will likely prevent avoidable problems between the parties in the course of this litigation.

### III.   CONCLUSION

For the reasons stated, by July 15, 2025, Attorney José Carlos Vélez-Colón and the Vélez Law Group shall inform the court if they will withdraw their claims against Wound Care, Surgical Services, Márquez, and Báez without prejudice; and if so, by the same date, file on E.M.G.'s behalf an amended complaint deleting those claims.

**SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of July 2025.

s/Pedro A. Delgado-Hernández  
PEDRO A. DELGADO-HERNÁNDEZ  
United States District Judge